**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TRACY LAND DAVIS
ADC #106685                                                                                              PLAINTIFF

V.                                            2:15CV00029 JM/JTR

MERLIN FITZPATRICK, Lieutenant,
Cummins Unit, ADC, et al.                                                                        DEFENDANTS

**ORDER**

**I.     Introduction**

Plaintiff, Tracy Land Davis, is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction.  He has recently filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights.  *Docs. 2 & 5.*

**II.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

**III.    Discussion**

Plaintiff alleges that, on May 22, 2014, Defendants violated his Fourteenth Amendment due process rights when they wrongfully found him guilty of several disciplinary infractions. *Docs. 2 & 5.* As punishment for those infractions, Plaintiff lost various privileges for thirty days, his class was reduced, he was placed in punitive isolation for thirty days, and he was reassigned to the maximum security section of the EARU. *Id.*

A prisoner may maintain a due process challenge to prison disciplinary proceeding *only* if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff did not have a liberty interest in maintaining his classification level, avoiding placement in punitive isolation for thirty days, or keeping his prison privileges. *Sandin*, 515 U.S. 482-86; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Plaintiff *may* have had a liberty interest in avoiding reassignment to the maximum security area of the EARU. *See Wilkerson v. Austin,* 545 U.S. 209, 226 (2005); *Griggs v. Norris*, Case No. 08–1933, 2008 WL 4821633 (8th Cir.  Nov. 7, 2008) (unpublished opinion). If such a liberty interest exists, due process only requires that a prisoner receive notice, a hearing, written findings, the opportunity to appeal, and periodic reviews of his maximum security placement. *Id.* It is clear from the records provided by Plaintiff that he received all those due process protections.

Finally, Plaintiff alleges that Defendants violated his due process rights by failing to comply with ADC rules during the disciplinary appeal and grievance processes. It, however, is well settled that prisoners to not have a federally protected due process right to require prison officials to comply

with internal rules or procedures. *Phillips*, 320 F.3d at 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997). Thus, Plaintiff has failed to state a viable due process claim.

## IV.    Conclusion

IT IS THEREFORE ORDERED THAT:

1. This case is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief may be granted.

2. Dismissal constitutes a STRIKE, as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 9th day of April, 2015.

_____
James M. Moody Jr.
United States District Judge